**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **JUANITA R. SMITH,** | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Civil Action No. 1:11-CV-170-BL** |
| | § | **ECF** |
| **CAROLYN W. COLVIN,**[1] | § | |
| **Acting Commissioner of Social Security,** | § | |
| **Defendant.** | § | **Assigned to U.S. Magistrate Judge** |

**MEMORANDUM OPINION AND ORDER**

**THIS CASE** is before the court upon Plaintiff's complaint filed September 2, 2011, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff filed a brief in support of her complaint on April 16, 2012 (Doc. 26) and Defendant filed a brief on May 16, 2012 (Doc. 27. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on October 5, 2011 (Doc. 7), and January 19, 2012 (Doc. 11).

This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security, effective February 14, 2013, and is therefore substituted as Defendant in this matter for Michael J. Astrue, per FED. R. CIV. P. 25(d)(1).

## I. STATEMENT OF THE CASE

Plaintiff filed an application for a period of disability and disability insurance benefits on June 3, 2008, alleging disability beginning November 16, 2007. Tr. 114-121. Plaintiff's application was denied initially and upon reconsideration. Tr. 57-60, 64-66. Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ") on April 8, 2009, and this case came for hearing before the ALJ on April 16, 2010. Tr. 25-54. Plaintiff, represented by an attorney, appeared and testified in her own behalf. Tr. 29-42. A vocational expert ("VE") and a medical expert ("ME") appeared and provided expert testimony. Tr. 46-49, 49-53. Plaintiff's husband testified on behalf of Plaintiff as well. Tr. 42-46. The ALJ issued an opinion that was unfavorable to Plaintiff on March 11, 2011. Tr. 10-27.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. Tr. 13. The ALJ found that Plaintiff met the insured status requirements through December 31, 2012, and that Plaintiff had not engaged in substantial gainful activity at any time since November 16, 2007, the alleged onset date. Tr. 10, 13. The ALJ found that Plaintiff has a combination of "severe" impairments, including: obesity, gastroesophageal reflux disease ("GERD"), hypertension, sleep apnea, and type II diabetes mellitus. Tr. 13. The ALJ found that Plaintiff's nonsevere impairments include: asthma, memory/concentration problems, chronic pain, nonspecific "spells," and diverticulitis. *Id*. The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, Tr. 16. The ALJ specifically addressed each of Plaintiff's severe and nonsevere impairments, as well as the criteria of Sections 3.03, 3.10, 4.03, 5.08, 9.08, and 14.06 of the Listings. Tr. 16. The ALJ found that Plaintiff did not have a medically determinable severe mental

impairment. The ALJ did find, however, that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged.

Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy. The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. The ALJ noted Plaintiff's allegations regarding her symptoms and the limitations imposed therein as well as the observations provided by Plaintiff's husband and various treatment providers. Tr. 17-22. The ALJ discussed Plaintiff's reports of her medical treatment and her activities of daily living and compared them with the objective medical evidence of record. *Id*. The ALJ found that Plaintiff's allegations were not fully credible as to the intensity, persistence, and limiting effects of her symptoms. Tr. 18.

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).

The ALJ found that Plaintiff retained the RFC to perform a range of work at the sedentary exertional level, as limited to permit Plaintiff to sit for one hour at a time, not to exceed six hours

during an 8-hour workday with normal breaks; stand and walk for up to 15 minutes as a time, not to exceed two hours during an 8-hour workday; push/pull capabilities limited to no more than opening and closing drawers; only occasional climbing of one to two stairs or equivalent ramps; only occasional bending, balancing, stooping, kneeling, crouching, and crawling; must avoid concentrated exposure to fumes, dusts, and gases; limited to driving short distances; and further limited to no more than unskilled to low semi-skilled types of work. Tr. 18-19. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. *Id*.

Plaintiff sought review of the hearing decision and order. Tr. 5-7. The Appeals Council issued an opinion denying review of the ALJ's hearing decision. Tr. 1-4. The ALJ's decision, therefore, became the final decision of the Commissioner.

On September 2, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the

Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 4 that Plaintiff was not disabled because she retained the ability to perform her past relevant work, both as actually and generally performed in the national economy.

## III. DISCUSSION

Plaintiff claims that the ALJ erred by failing to develop the record as to an extensive medical history, thereby failing to appropriately incorporate all of the limitations imposed by her impairments in to the RFC determination. Plaintiff further takes issue with many factual findings in the record, and claims error at every step of the sequential evaluation process. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

Plaintiff arguments rely primarily upon her assertion that the ALJ failed to fully and fairly develop the record. Clearly, the ALJ has a duty "'to develop the facts fully and fairly relating to

an applicant's claim for disability benefits.'" *Boyd*, 239 F.3d at 708(quoting *Newton*, 209 F.3d at 458). The claimant has the burden to prove that he is disabled within the meaning of the Social Security Act. *Fraga*, 810 F.2d at 1301. The court may not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure. *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (citing *Brock v. Chater*, 84 F.3d 726 (5th Cir. 1996)). In order to establish prejudice, a claimant must demonstrate that he or she "could and would have adduced evidence that might have altered the result." *Carey*, 230 F.3d at 142 (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)). This court will not reverse for a failure to develop the record unless Plaintiff can show that she was prejudiced as a result.

Plaintiff argues the ALJ erred by failing to develop the record regarding the medical history of her impairments. Plaintiff almost exclusively cites to treatment sought or received well before the alleged onset date of November 16, 2007. For evidence to be material, it must "relate to the time period for which benefits were denied" and there must be a reasonable probability that such evidence would change the outcome of the ALJ decision. *See generally, Ripley v. Chater*, 67 F.3d at 555-56. Even assuming that such evidence is relevant, the court cannot find that there is a reasonable probability that acquisition of such remote medical evidence would change the outcome of the decision. It is clear that evidence that "relates to a disability or to the deterioration of a previously non-disabling condition resulting after the period for which benefits are sought" is not material. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). The evidence that Plaintiff asserts should have been located and made a part of the record does not arise from the time period at issue in this matter. I find that the ALJ did not err by failing to further develop the record by obtaining medical treatment records identified by Plaintiff in her brief.

Plaintiff also alleges numerous clerical and factual errors and takes issue with almost every finding by the ALJ. Clearly, "procedural perfection in administrative proceedings is not required." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). The court will not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that she was prejudiced by the deficiencies she alleges. *Carey v. Apfel*, 230 F.3d 131, 143 (5th Cir. 2000) (citing *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996)). Procedural improprieties will constitute a basis for remand "only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Plaintiff must thus demonstrate prejudice arising from the alleged error to be entitled to relief. *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981) (*per curiam*).

Plaintiff's contentions simply do not demonstrate such prejudice. Plaintiff notes that phonetic representations of certain names appear in the record. She notes that she had a greater degree of education than was found by the ALJ (an argument which is counter to her interest in obtaining disability benefits). She argues that the VE and ME could not have been impartial as they were under contract with the Agency. Plaintiff argues about items of her testimony or her statements reflected in the medical records that she believes were misinterpreted. Plaintiff was represented by counsel at the hearing, who did not object to the testimony by the ME or VE, who was given the opportunity to question the experts, and who did not object to the exhibits that formed the evidence of record.

Plaintiff argues that in making the RFC determination, the ALJ misstated the evidence, failed to consider the combined impact of her severe impairments, did not adequately consider the limitations imposed by her impairments and his obesity, and erred in finding that Plaintiff's subjective allegations were not fully credible.

Plaintiff argues that the ALJ erred by failing to appropriately consider the combined effect of all of her impairments. The claimant has the burden to prove that she is disabled within the meaning of the Social Security Act. *Fraga*, 810 at 1301. A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as to be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. *Loza*, 219 F.3d at 393. If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." *Id*.

The ALJ indicated in his opinion that he had considered the combined effect that Plaintiff's severe and nonsevere impairments had on her ability to perform work related activity. Pursuant to SSR 96-7p, the adjudicator is required to go through a two-step process in evaluating a claimant's symptoms. The ALJ must first:

> consider whether there is an underlying medically determinable physical or mental impairment . . . that could reasonably be expected to produce the individual's pain or other symptoms . . . . Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's

statements based on a consideration of the entire case record.

SSR 96-7p.

The ALJ may consider various factors in assessing a claimant's credibility, including the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; any palliative measures used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. *Id*.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of Plaintiff's pain or other symptoms. Tr. 17. The ALJ discussed Plaintiff's reports of pain and limitations and the degree to which such subjective complaints were consistent with other evidence in the record. Tr. 17-22. The ALJ compared Plaintiff's reports of pain with his testimony about his daily activities. *Id*. The ALJ pointed to evidence in the record indicating that Plaintiff's reports of pain were out of proportion to physical findings, that Plaintiff's effort upon examination was questioned, and that exaggerated responses were suspected by examining physicians. Tr. 21. The ALJ noted inconsistencies in the Plaintiff's reports of his activities, limitations, and other matters. *Id*. The ALJ discussed Plaintiff's activities, the objective medical evidence, and the limitations supported by the evidence of record, addressing each of Plaintiff's severe medically determinable impairments and the limitations imposed therein individually, as well as the degree to which such impairments limited Plaintiff as a whole.

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in

the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987).

If the ALJ determines that the claimant has a medically determinable mental impairment, he must specify the symptoms, signs, and laboratory findings that substantiate the presence of each impairment. 20 C.F.R. §§ 404.1520a; 416.920a. He is required to evaluate the degree of functional loss resulting from Plaintiff's mental impairments as set forth in 20 C.F.R. §§ 404.1520a and 416.920a. *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001). The ALJ must evaluate the claimant's limitations in four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation, the part "B" criteria. A five-point scale is used to rate the degree of limitation in the first three of those functional areas. 20 C.F.R. § 416.920a (c)(1)-(4). These four separate areas are deemed essential for work. *Boyd*, 239 F. 3d at 705 (citing 20 C.F.R. § 404.1520a(b)(3)). The written decision of the ALJ must incorporate pertinent findings and conclusions based on the technique and must include a specific finding of the degree of limitation in each of the functional areas described. 20 C.F.R. § 416.920a(e)(2). The PRTF represents one way in which such findings may be documented. 20 C.F.R. § 404.1520a(e). After the ALJ rates the degree of functional limitation resulting from any mental impairment(s), the ALJ

determines the severity of such impairment(s). 20 C.F.R. § 416.920a(d). If the degree of functional loss falls below a specified level in each of the four areas, the ALJ must find the impairment "not severe" at step 2 of the sequential evaluation process. 20 C.F.R. § 404.1520a(c)(1). If the ALJ finds that the mental impairment is "severe" under 20 C.F.R. § 404.1520a(c)(1), the ALJ must then determine if it meets or equals a listed mental disorder under 20 C.F.R. Pt. 404, Subpt. P, app. 1, 12.00-12.09 and 20 C.F.R. § 404.1520a(c)(2). If the impairment is severe but does not reach the level of a listed disorder, then the ALJ must conduct an RFC assessment. *Boyd*, 239 F.3d at 705.

The ALJ opinion demonstrates that the ALJ evaluated Plaintiff's impairments, finding that Plaintiff did not have a medically determinable severe mental impairment. In his opinion, the ALJ cited to the evidence of record, relevant to the time in question, and compared Plaintiff's subjective complaints with the medical evidence. The record demonstrates that the ALJ appropriately considered both the subjective allegations and the report by Plaintiff of her limitations as well as the degree to which such limitations are supported by objective medical evidence in evaluating Plaintiff's impairments. Although the ALJ did not find a medically determinable mental impairment, he nonetheless incorporated a limitation based on Plaintiff's mild memory and concentration issues into the RFC determination and into the hypothetical question posed to the VE. The record further demonstrates that the ALJ did not by failing to find that Plaintiff had a medically determinable mental impairment and his finding is supported by substantial evidence.

The court further finds that the ALJ's credibility determination is supported by substantial evidence in the record. The ALJ appropriately considered Plaintiff's impairments, her pain, the objective medical evidence of record, and the record as a whole in making his credibility finding. "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785,

790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.*

Plaintiff argues that the RFC finding does not reasonably incorporate or reflect the limitations imposed by her impairments. The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley*, 67 F.3d at 557. The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE or into the RFC determination that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

In this matter, the ALJ's RFC determination is consistent with his credibility finding. The ALJ identified substantial evidence including objective and medical evidence of record, as well as Plaintiff's own testimony and subjective complaints, to support his credibility finding and his RFC determination. The ALJ did not err in considering the limitations imposed by Plaintiff's impairments singularly and in combination. The record demonstrates that the ALJ appropriately considered Plaintiff's impairments in combination in making the RFC determination. The ALJ appropriately weighed the evidence and explained the reasons for his findings. The ALJ also incorporated those limitations he found supported by the record into the RFC determination and into the hypothetical

questions posed to the VE. Counsel for Plaintiff was permitted to question the VE and elicit testimony with regard to limitations she sought to include in the RFC determination. The ALJ appropriately relied on the testimony of the VE in determination whether Plaintiff return to her past relevant work.

The ALJ was not required to further develop the record as to Plaintiff's medical treatment which pre-dated her alleged onset date and which was not material to the time period at issue. The court therefore finds that the ALJ opinion is supported by substantial evidence.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed September 2, 2011 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED**.

DATED this 29th day of March 2013.

**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**